# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Kimberly M.,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0181** (Wayne County 15-CIG-36)

**D.L., Elizabeth L., and**
**Bryan L.,**
**Defendants Below, Respondents**

**FILED**
**February 2, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Grandmother Kimberly M., by counsel Shawn Bartram, appeals the Circuit Court of Wayne County's January 21, 2020, order rescinding her legal guardianship of the child D.L.[1] Respondent Mother Elizabeth L., by counsel Amy C. Crossan, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in rescinding her guardianship over D.L. and in returning the child to respondent mother's custody. Additionally, respondent mother asserts a cross-assignment of error wherein she alleges that the circuit court erred in ordering continued visitation between petitioner and the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, petitioner filed a petition in circuit court seeking guardianship of the child, alleging that the child's father was participating in long-term inpatient drug treatment and that respondent was in violation of her probation by traveling with a known felon and engaging in substance abuse.[2] The next month, the circuit court held a hearing on petitioner's motion. At the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Respondent was on probation and later incarcerated for various drug related offenses at the time of the guardianship petition.

time of the hearing, the child's father was still enrolled in long-term inpatient drug treatment and respondent mother was incarcerated. The circuit court found that both parents recognized the need for a legal guardian for the child and the court entered an order appointing petitioner as the child's guardian until the child reached the age of majority or upon further order by the court.

Four years later, in January of 2020, respondent mother filed a petition to revoke petitioner's guardianship of D.L., averring she was now able to care for the child. In her petition, respondent argued she was visiting with the child on a weekly basis but that the visits had stopped after petitioner's husband, the child's step-grandfather, had been charged with possession of child pornography. Later that month, the circuit court held a hearing on respondent's motion wherein she testified that she had obtained housing, had achieved sobriety, and had been preparing to petition for custody of the child for some time. Respondent testified that she was concerned after petitioner's husband was arrested and feared that petitioner was still in contact with her husband and was allowing contact between her husband and the child. Respondent also testified that the child had head lice for seven months, requiring treatment during their weekly visits. Aside from their weekly visits, respondent testified that she was largely excluded from important events involving the child, including doctor's appointments and a forensic interview. Respondent also recounted an instance where petitioner failed to pick up the child from school. In response, law enforcement and school officials went to petitioner's home, but it took over an hour of knocking on petitioner's door before receiving a response. Following respondent's initial testimony, the circuit court conducted additional inquiry of respondent as to whether she had corrected the conditions that led to the guardianship. Respondent stated that she had been unemployed after giving birth to another child, but noted she was recently employed as a bartender and waitress. Respondent also acknowledged her prior substance abuse, claimed sobriety, and stated that she waited to file the petition until she was finished with probation and substance abuse treatment. The child's father, Bryan L., also testified that respondent had corrected the circumstances and that it was in the best interests of the child to live with respondent.

Petitioner testified and acknowledged that her husband was incarcerated due to the charges of possession of child pornography and stated that she was working on obtaining a divorce. Petitioner denied that her husband ever abused the child and stated that she had no issues with respondent continuing visitation with the child. Petitioner blamed recent missed visits between the child and respondent on the child being ill. Petitioner opposed respondent's attempts to rescind the guardianship and expressed concern that respondent did not have housing of her own and was living with her boyfriend and the boyfriend's mother, along with their new infant child. As a result, petitioner feared D.L. would not have enough living space in that residence.

After hearing the evidence, the circuit court explained to both parties that guardianships are temporary and that it had no evidence before it establishing that respondent abused or neglected the child, despite petitioner's allegations to the contrary.[3] The circuit court then found that respondent had corrected the circumstances that existed in 2015 and that it was in the best interests of the child to live with respondent. Accordingly, the circuit court rescinded petitioner's

---

[3]According to the record, the court directed the DHHR to conduct an investigation into respondent's potential abuse or neglect of the child, as alleged by petitioner. The DHHR ultimately concluded that the allegations could not be substantiated.

legal guardianship of the child and returned custody of the child to respondent. However, the circuit court granted petitioner visitation with the child. Petitioner now appeals the circuit court's January 21, 2020, order.

The Court has previously established the following standard of review:

> When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.

Syl. Pt. 1, *McCormick v. Allstate Insurance Co.*, 197 W. Va. 415, 475 S.E.2d 507 (1996). We have also held that the standard of review applicable to custody decisions, including guardianship decisions, is as follows:

> "'The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal.' Syllabus point 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975), *superseded by statute on other grounds as stated in David M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989)." Syl. Pt. 1, *In re Abbigail Faye B.*, 222 W.Va. 466, 665 S.E.2d 300 (2008).

Syl. Pt. 2, *In re Antonio R.A.*, 228 W. Va. 380, 719 S.E.2d 850 (2011).

First, petitioner argues that the circuit court erred in rescinding her guardianship and in returning the child to the custody of respondent. In support of her assignment of error, petitioner argues that respondent failed to present evidence to prove there was a sufficient change in circumstances to warrant termination of the guardianship, or that any change in circumstances was in the best interests of the child. We do not agree.

Pursuant to West Virginia Code § 44-10-3(j), for a "petition to revoke or terminate a guardianship filed by a parent, the burden of proof is on the moving party to show by a preponderance of the evidence that there has been a material change of circumstances and that a revocation or termination is in the child's best interest." Here, the circuit court found that respondent established a material change in circumstances that warranted modification. As noted above, at the hearing on respondent's motion to terminate the guardianship, respondent acknowledged her prior substance abuse, testified to her efforts to achieve and maintain sobriety, and stated that she waited to file the petition until she was finished with probation and substance abuse treatment. While respondent was unemployed after giving birth to another child, she had been recently employed as a bartender and waitress and had obtained housing with her boyfriend and the boyfriend's mother. Respondent also participated in weekly visits with the child. Further, the child's father testified that respondent had corrected the circumstances and that it was in the best interests of the child to live with respondent. On appeal, petitioner does not dispute that respondent corrected the circumstances the led to the guardianship. Petitioner does not contest

3

respondent's sobriety nor raise issues with her visitation with the child. Indeed, the only reason petitioner put forth in opposition to respondent regaining custody of the child was that the child would have to share space with her new infant sibling. However, the circuit court found no issues with respondent's housing situation and found that she had established, by a preponderance of evidence, a material change of circumstances and that revocation of petitioner's guardianship was in the child's best interests. Accordingly, we find no error in the circuit court's modification of the child's placement by returning her to respondent's custody.

Finally, respondent raises a cross-assignment of error alleging that the circuit court erred in ordering continued visitation between petitioner and the child where petitioner's husband was facing charges of possession of child pornography. Specifically, respondent argues that the circuit court erred in finding that the child's best interests would be served by continuing her relationship with petitioner. Pursuant to West Virginia Code § 48-10-501, "[t]he circuit court . . . shall grant reasonable visitation to a grandparent upon a finding that visitation would be in the best interests of the child and would not substantially interfere with the parent-child relationship." Moreover, we have held that "[t]he best interests of the child are expressly incorporated into the Grandparent Visitation Act in W.Va. Code §§ 48-10-101, 48-10-501, and 48-10-502 [2001]." Syl. Pt. 2, *In re Hunter H.*, 231 W. Va. 118, 744 S.E.2d 228 (2013). The evidence in this matter is clear that continued contact with petitioner is in the child's best interests. While it is true that petitioner's husband was arrested for crimes involving children, the circuit court considered this evidence alongside testimony from petitioner that she had no prior knowledge of the husband's actions and was in the process of divorce upon learning of the charges. Additionally, the evidence shows that petitioner served as a caretaker for the child for an extended period, including for several years when respondent was battling drug addiction and working to obtain housing and improve her life. While the circuit court found that it was in the child's best interest to be reunited with respondent, it nonetheless found that petitioner had an important relationship with the child that was worth preserving. As such, we find no error in the circuit court ordering supervised visitation between petitioner and the child.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 21, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: February 2, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton